UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SUSAN THOMS, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) Civil Action No._____ |
| | ) |
| AHOLD DELHAIZE USA, INC., | ) |
| | ) |
| DEFENDANT | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by and through counsel, Briggs & Wholey, LLC, hereby avers as follows:

**STATEMENT OF JURISDICTION**

1. Plaintiff, Susan Thoms, is a citizen of the Town of Northport, County of Waldo, State of Maine.

2. Defendant, Ahold Delhaize USA, Inc. was, at all relevant times, a Delaware Corporation operating grocery stores and supermarkets.

3. Defendant Ahold Delhaize, USA, Inc, was, at all relevant times, a corporation registered with the Maine Department of the Secretary of State as a foreign business corporation in good standing.

4. Defendant, Ahold Delhaize USA, Inc. was, at all relevant times, a Delaware

Corporation operating a grocery store located in Belfast, Maine under the name of Hannaford.

5. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 USC §1332.

## STATEMENT OF VENUE

6. Venue is appropriately laid in this Court pursuant to 28 U.S.C. §1391(b) in that the actions complained of took place in the City of Belfast, County of Waldo, State of Maine, which is within the bounds of the United States District Court for the District of Maine, and Plaintiff resided in Maine at all times.

## PARTIES

7. Plaintiff, Susan Thoms is an adult individual and citizen of the State of Maine, residing in Northport, Maine, and County of Waldo.

8. Defendant Ahold Delhaize USA, Inc. is a Delaware corporation with its principal place of business in Carlisle, Pennsylvania.

## FACTUAL BACKGROUND

9. On or about November 13, 2016, the defendant's premises known as "Hannaford Supermarket" at 93 Lincolnville Avenue, Belfast, Maine was

possessed, owned, operated, managed, maintained and controlled by the defendant.

10. On or about November 13, 2016, the defendant possessed, owned, operated, managed, maintained and controlled said property individually, jointly, severally and/or jointly and severally, through its agents, servants or employees.

11. On or about November 13, 2016, Plaintiff Susan Thoms, while lawfully on the defendant's Belfast, Maine premises, and while exercising due care and caution for her own safety, fell at the store produce area in the Belfast, Maine property of the defendant.

12. The plaintiff's fall at the defendant's premises on November 13, 2016 was due, *inter alia*, to negligent maintenance and/or control and/or lack of warning signage of a walking surface in the produce area of the store.

13. The defendant's negligent maintenance and/or control and/or lack of warning signage of its Belfast, Maine premises caused Plaintiff Susan Thoms to fall on November 13, 2016, and to sustain serious and permanent injuries and damages which will hereinafter be more fully described.

## COUNT I
## NEGLIGENCE

14. Plaintiff, Susan Thoms, hereby incorporates by reference hereto, paragraphs one (1) through seven (13), inclusively, as if the same were fully set forth

herein at length.

15. It was the duty of the aforesaid defendant to use ordinary care and diligence to care for, inspect, keep, and maintain the said area where the plaintiff fell in a condition reasonably safe for its intended uses and free from all defects and conditions which would render it dangerous and unsafe for the plaintiff, or present any unreasonable harm to her, in her lawful use of the same.

16. It was the duty of the aforesaid defendant to exercise reasonable care to protect the plaintiff, by inspection, proper maintenance, attention to wet areas, and other affirmative acts, from the danger of reasonably foreseeable injury occurring from reasonably foreseeable uses of the produce area where the plaintiff fell.

17. It was the duty of the aforesaid defendant to exercise reasonable care to protect the plaintiff, by inspection, proper placement/alignment of produce area warning signs, proper maintenance, and other affirmative acts, from injuries resulting from wet walking surfaces, and other affirmative acts, especially given the defendant's knowledge and duty with respect to the configuration and type of surface of the produce walking surface.

18. It was the duty of the aforesaid defendant to use reasonable care in the set-up, oversight, maintenance, repair and placement/alignment of signage and/or mats at the wet walking surface in the aforesaid area where the

plaintiff fell, in a manner consistent with safe practices known to the ordinary, reasonable person.

19. It was the duty of the aforesaid defendant to use reasonable care in the set-up, oversight, maintenance, repair and placement of signage and/or mats on the wet walking surface in the aforesaid area where the plaintiff fell in a manner consistent with and in conformity with recognized standards of safety.

20. It was the duty of the aforesaid defendant to have available sufficient personnel to properly set-up, oversee, inspect and maintain the aforesaid area where the plaintiff fell in a manner consistent with safe practices known to the ordinary, reasonable person.

21. It was the duty of the aforesaid defendant to have available sufficient personnel to properly set-up, oversee, inspect and maintain the aforesaid area where the plaintiff fell in a manner consistent with and in conformity with recognized standards of safety.

22. It was the duty of the aforesaid defendant to warn the plaintiff of the aforesaid dangerous and unsafe conditions existing on or around the defendant's premises where the plaintiff fell.

23. The fall and resultant injuries of the plaintiff were caused by the negligent failure of the aforesaid defendant to meet its duties, stated *supra*, and who

failed to utilize reasonable care in the care, supervision, placement of signage and/or mats and maintenance of a wet walking surface on said premises.

24. The aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

25. The aforementioned fall was caused solely and exclusively by reason of the negligence of the defendant and was caused in no manner whatsoever by any act or failure to act by the plaintiff.

26. As a direct and proximate cause of the defendant's aforementioned negligence, Plaintiff Susan Thoms has suffered, and/or continues to suffer injuries and damages including pain, physical and emotional suffering, limitation of mobility, loss of enjoyment of life's pleasures, lost earnings, monies expended for medicine and medical attention for treatment and/or cure of these injuries, including a closed head injury, left posterior head pain, left shoulder pain, and trauma to cervical ligaments, tendons and muscles, all to her detriment and loss, and Plaintiff Susan Thoms expects to pay additional sums of money for services, medicine and medical attention in the future, and expects to be limited in her gainful employment, all to Plaintiff's great financial detriment and loss.

WHEREFORE, Plaintiff Susan Thoms demands judgment against the defendant, in an amount reasonable in the circumstances, plus interest and costs as allowed by law.

### **JURY DEMAND**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure and Rule 38 of the Local Rules of the United States District Court for the District of Maine, Plaintiff requests a trial by jury on all issues.

Date: February 1, 2021

> By:   /s/ Alison Wholey Briggs
> Alison Wholey Briggs, Esquire
> Briggs & Wholey, LLC
> Maine Bar Reg. #9651
> Attorneys for Plaintiffs
> 815 Commercial Street
> Rockport, ME 04856
> awholey@dbriggslaw.com
> (207) 596-1099